

# NUMBERS 13-25-00122-CR, 13-25-00123-CR, 13-25-00124-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BRYAN ACUNA,                                       **Appellant,**

## v.

THE STATE OF TEXAS,                                  **Appellee.**

# ON APPEAL FROM THE 347TH DISTRICT COURT OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

### Before Justices Silva, Cron, and Fonseca
### Memorandum Opinion by Justice Cron

In trial court cause number 20FC-3578H, appellate number 13-25-00122-CR, appellant Bryan Acuna was accused of burglary of a habitation, a second-degree felony, and of being a habitual felony offender, which increased the punishment range for this

offense to twenty-five years to life imprisonment. *See* TEX. PENAL CODE §§ 12.42(d), 30.02(c)(2). In trial court cause number 21FC-2379H, appellate number 13-25-00123-CR, appellant was accused of failing to comply with certain sex offender reporting and registration requirements, a second-degree felony. *See* TEX. CODE CRIM. PROC. art. 62.102(b)(3). In trial court cause number 21FC-2380H, appellate number 13-25-00124-CR, appellant was accused of evading arrest or detention with a previous conviction for the same offense, a state jail felony. *See* TEX. PENAL CODE § 38.04(b)(1)(A). Pursuant to separate but related plea agreements, appellant pleaded guilty to each offense and was placed on deferred adjudication community supervision for a given period in each case. *See* TEX. CODE CRIM. PROC. art. 42A.101(a).

The State subsequently filed a motion to adjudicate guilt in each case alleging that appellant violated numerous conditions of his community supervision by, among other things, committing three new offenses. *See id.* arts. 42A.104(a), 42A.108(a). The motions were heard together, and appellant pleaded "true" to each allegation. *See id.* art. 42A.108(b). At the conclusion of the hearing, the trial court revoked appellant's supervision in each case; adjudicated him guilty of the underlying offenses; sentenced him to forty years' imprisonment on the burglary offense, ten years' imprisonment on the registration offense, and two years' imprisonment on the evading offense; awarded 591 days of credit toward each sentence; and ordered the sentences to run concurrently. *See id.* arts. 42.03, § 2(a)(1), (2), 42.08(a), 42A.108(b), 42A.110; TEX. PENAL CODE §§ 12.33(a), 12.35(a), 12.42(d).

Appellant's court-appointed counsel has filed an *Anders* brief stating that there are

no arguable grounds for appeal in any of the cases. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgments.

## I.   *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed, in each case, a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's briefs meet the requirements of *Anders* as they present a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgments. Appellant's counsel also informed this Court in writing that she: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw in each case; (2) provided appellant with copies of these pleadings; (3) informed appellant of his right to file a pro se response in each case, to review the relevant record prior to filing a response, and to seek discretionary review if we conclude

3

that the appeals are frivolous; and (4) provided appellant with form motions for pro se access to the appellate records that only require appellant's signature and date with instructions to file the motions within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. An adequate amount of time has passed, and appellant has not requested the appellate record or filed a pro se response in any of the cases.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the records and counsel's briefs, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motions to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to appellant and to advise him of his right to file a petition for

4

discretionary review.[1]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at

411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.    CONCLUSION

We affirm the trial court's judgments.

JENNY CRON
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
26th day of February, 2026.

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.